**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------X----------------------------

ERRAY VANBUCKLEY, EUSI
VANBUCKLEY & EBU VANBUCKLEY

                Plaintiff(s),

    -against-

THE CITY OF NEW YORK,
P.O. JENNIFER LAVELLE (SHIELD NO.
20760), CPT. DONALD BOLLER, LT.
PATRICK RYAN, SGT. JAMES CAHILL,
DET. DEMOS MARINAKOS, DET.
MATTHEW FRANCIS, DET. DENNIS
FRIENDLY, P.O. RONALD REYNOLDS,
P.O. HUGO ORTEGA, DET. EDWIN
GALAN, DET. JIM ROSADO, P.O.
MICHELLE MARTINEZ, ADA KIMBERLY
RYAN, SGT. MICHAEL
WHITE, P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).
                Defendant(s).
--------------------------------X----------------------------

CASE No.: 1:09-cv-03083-ERK-MDG

**FIRST AMENDED COMPLAINT**

PLAINTIFF(S) DEMAND
TRIAL BY JURY

       Plaintiff(s) ERRAY VANBUCKLEY, EUSI VANBUCKLEY & EBU VANBUCKLEY,

by their attorney, PAUL A. HALE, complaining of the defendants, respectfully alleges as

follows:

<strong><u>PRELIMINARY STATEMENT</u></strong>

       1.    Plaintiffs brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their

civil rights, as said rights are secured by said statutes and the Constitutions of the State of New

York and the United States.    Plaintiffs are also asserting supplemental state law tort claims.

## JURISDICTION

2.        This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.        Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.        Venue is properly laid in the Eastern District of New York under U.S.C. § 1391 (b),

in that this is the District in which the claim arose.

## JURY DEMAND

5.        Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.        Plaintiff, EUSI VANBUCKLEY (born 1974) is an African American male, a

citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.        Plaintiff, EBU VANBUCKLEY (born 1978) is an African American male, a

citizen of the United States, and at all relevant times a resident of the City and State of New York.

8.        Plaintiff, ERRAY VANBUCKLEY (born 1972) is an African American male, a

citizen of the United States, and at all relevant times a resident of the City and State of New York.

9.        Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

10.       Defendant, THE CITY OF NEW YORK, maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

11.      That at all times hereinafter mentioned, the individually named defendant P.O. JENNIFER LAVELLE (SHIELD NO.  20760), was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

12.      That at all times hereinafter mentioned, the individually named defendant CPT. DONALD BOLLER, was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

13.      That at all times hereinafter mentioned, the individually named defendant lt. PATRICK RYAN, was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

14.      That at all times hereinafter mentioned, the individually named defendant SGT. JAMES CAHILL, was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

15.      That at all times hereinafter mentioned, the individually named defendant DET. DEMOS MARINAKOS, was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

16.      That at all times hereinafter mentioned, the individually named defendant DETECTIVE MATTHEW FRANCIS, was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

17.      That at all times hereinafter mentioned, the individually named defendant DETECTIVE DENNIS FRIENDLY, was a duly sworn police officer of said department and

was acting under the supervision of said department and according to their official duties.

18.     That at all times hereinafter mentioned, the individually named defendant P.O. RONALD REYNOLDS, was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

19.     That at all times hereinafter mentioned, the individually named defendant P.O. HUGO ORTEGA, was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

20.     That at all times hereinafter mentioned, the individually named defendant DET. EDWIN GALAN, was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

21.     That at all times hereinafter mentioned, the individually named defendant DET. JIM ROSADO, was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

22.     That at all times hereinafter mentioned, the individually named defendant P.O MICHELLE MARTINEZ, was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

23.     That at all times hereinafter mentioned, the individually named defendant ADA KIMBERLY RYAN, was a duly sworn officer of The City of New York and was acting according to their official duties.

24.     That at all times hereinafter mentioned, the individually named defendant SGT. MICHAEL WHITE, was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

25.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the official

rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

26.    Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant THE CITY OF NEW

YORK.

## FACTS

27.    On or about 3/11/2009 at 6:30 PM New York City police officers arrested all

plaintiffs while they were legally in front of their apartment building located at 970 Belmont St.

Brooklyn, NY 11208.

28.    It began when EBU VANBUCKLEY left his apartment building to buy groceries

at the corner deli.

29.    While EBU was returning he was stopped by the NYPD.

30.    The NYPD handcuffed EBU and told him he was a suspect in a robbery.

31.    The police also informed EBU that the suspect had been stabbed by the

complaining witness.

32.    EBU was not bleeding nor had any knife or other wounds on his body.

33.    A friend with EBU, NIKKI, went to tell EBU's brothers that he was being held

outside and to retrieve EBU's ID.

34.    NIKKI returned with both EUSI VANBUCKLEY and ERRAY VANBUCKLEY

with EBU's ID.

35.    The police then immediately arrested EUSI, ERRAY, and NIKKI.

36.    All four were handcuffed and held in front of their building for approximately 4

hours.

37.    While being held a police officer threatened to shoot EUSI.

38.    At some point the police demanded EUSI's apartment keys.

39.    The police informed him they had a warrant and were going to break down the door without the keys.

40.    The warrant was never produced.

41.    The officers then took EUSI's keys without his permission.

42.    The police then entered the apartment of EUSI and destroyed everything in the apartment - going so far as to throw all the food in the refrigerator on the floor and to throw clothes into the shower with running water.

43.    The police also confiscated EUSI's passport.

44.    All parties were then placed into a police van and taken to the 75th Precinct.

45.    While at the police station EUSI, EBU, and ERRAY were all strip searched.

46.    They were held at the police station for approximately another 3 hours.

47.    Eventually all parties were let out the front door of the 75th Pct.

48.    No charges were ever brought.

49.    No explanation for their arrest and subsequent strip search was ever given.

50.    No explanation or compensation was given for the ransacking of EUSI's apartment.

51.    EUSI's passport was never returned.

52.    All parties were arrested wrongfully, without probable cause, reasonable suspicion or consent.

53.    All plaintiff's filed a notice of claim on April 6th, 2009.

54.    Plaintiff EBU VANBUCKLEY attended a 50h hearing on May 20, 2009.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. S 1983

55.     Plaintiffs repeats, reiterates and realleges each and every allegation contained   in the previous paragraphs with the same force and effect as if fully set forth herein.

56.     All of the aforementioned acts of defendants, their agents,   servants and employees, were carried out under the color of state law.

57.     All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

58.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

59.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

60.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61.     The acts complained of deprived plaintiffs of his rights:

   A.     Not to be deprived of liberty without due process of law;

   B.     To be free from seizure and arrest not based upon probable cause;

   C.     To be free from unwarranted and malicious criminal prosecution;

D.      Not to have excessive force imposed upon him;

E.      Not to have summary punishment imposed upon him; and

F.      To receive equal protection under the law.

## PENDANT STATE CLAIMS

62.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

63.     Within (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

64.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

65.    Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and said Hearings were conducted.

66.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

67.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

68.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

69.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

70.     Defendants'   aforementioned  actions  placed  plaintiff in  apprehension  of imminent harmful and offensive bodily contact.

71.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

72.     Plaintiffs  repeat,  reiterate  and  reallege  each  and  every  allegation  contained  in the previous paragraphs with the same force and effect as if fully set forth herein.

73.     Defendant police officers touched plaintiff in a harmful and offensive manner.

74.     Defendant police officers   did so without privilege or consent from plaintiff.

75.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

76.     Plaintiffs  repeat,  reiterate  and  reallege  each  and  every  allegation  contained  in the previous paragraphs with the same force and effect as if fully set forth herein.

77.     Defendant   police   officers   arrested   plaintiff   in   the   absence   of probable cause and without a warrant.

78.     As   a   result   of   the   aforesaid   conduct   by   defendants,   plaintiff   was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned,  detained,  confined,  incarcerated and prosecuted by the defendants in criminal proceedings.

79.     The aforesaid actions by the defendants constituted a deprivation of the plaintiffs rights.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

80.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

81.     As a result of the foregoing, plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints.

82.     Plaintiff was conscious of said confinement and did not consent to same.

83.     The confinement of plaintiff was without probable cause and was not otherwise privileged.

84.     As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

85.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

86.     Defendants lacked probable cause to commence said criminal proceeding against plaintiff.

87.     Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff.

88.     As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

89.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

the previous paragraphs with the same force and effect as if fully set forth herein.

90.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

91.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

92.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

93.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

94.     As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

95.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

96.     Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of said its Police Department, including the defendants individually named above.

97.     Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department, including the defendants individually named above.

98.     Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock,

fright, and loss of freedom.

99.     As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## DESTRUCTION OF PROPERTY/VANDALISM/TRESPASS

100.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

101.    At no time did any of the plaintiffs give permission for the defendants to enter, search, destroy or take any of plaintiffs' property.

102.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

103.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

104.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

105.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

106.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

107.    By reason of the aforesaid conduct by defendants, plaintiffs each request the following relief:

A.      Compensatory damages in the amount of one million dollars ($ 1,000,000);

B.      Punitive damages in the amount of two million dollars ($2,000,000);

C.      An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well

as costs and disbursements; and

D.      Any further relief as the Court may find just and proper.


**WHEREFORE,** plaintiffs each demand judgment in the sum of one million dollars ($1,000,000) in compensatory damages, two million dollars ($2,000,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.


Dated: 12/8/2009
       Brooklyn, NY


_____
Attorney for Plaintiff(s)
PAUL HALE ESQ. [PH-8273]
26 Court Street, Suite 1901
Brooklyn, NY 11242
PHONE: (718) 554-7344